Nov. Term, 1834.

LAUGHRAN
v.
CAMPBELL.

tenant for the year; and that the words charged were spoken of the plaintiff and the said fire.

The Circuit Court, on the defendant's motion, instructed the jury as follows:—

1. That arson is an offence against the possession, and if they believed from the evidence that the plaintiff was in the possession of the house as tenant for the year, he could not be guilty of arson in burning it, while it was in the plaintiff's possession as such tenant; and that if the defendant charged the plaintiff with having set that house on fire, it could not amount to a charge of arson (1).

2. That if the words charged in the declaration were spoken concerning another house, the property of M'Carty in fee, which was by the aforesaid fire consumed, and which was in the possession of a tenant for the year at the time of the burning, and so understood by the hearers, it would not support the charge in the declaration as to the burning the house of M'Carty; but that it should have been stated as the house of the tenant.

D. J. Caswell, for the plaintiff.

O. H. Smith, for the defendant.

LAUGHRAN, Treasurer, on the Relation of SPILLER, *v.* CAMPBELL and Others, in Error.

Monday,
December 8.

DEBT on a constable's bond against the principal and his sureties. The declaration assigns the following breaches:

Nov. Term, 1834.

LAUGHLIN v. CAMPBELL.

1. That on the 30th of *August,* 1826, *Spiller* caused a *fieri facias* to be issued by *R. Meek,* a justice of the peace, and successor in office of *J. Goodhue,* late a justice of the peace, which execution was issued by *Meek* (who had by succession and delivery *Goodhue's* docket, and sufficient authority for the purpose) on a judgment rendered by *Goodhue* on the 27th of *November,* 1822, in favour of *Spiller* against *French* for, &c.; that the execution was directed to *Campbell,* as constable, and placed in his hands to be served; that *Campbell* did not execute the writ, though *French* had sufficient goods, &c., but refused to levy, &c.; whereby, &c.   2. That *Campbell,* by virtue of such another execution so issued, levied on a horse of *French's,* &c., but refused to sell him, and permitted *French* to take him away, &c.   3. That *Campbell,* by virtue of such another execution so issued, levied on a horse, &c., and falsely returned that the horse was rescued, &c., and that there was no other property, &c.   4. That *Campbell* having received such another execution so issued, neglected and refused to make any return of the same, &c.   5. That *Campbell,* by virtue of such another execution so issued on a judgment, &c., which had been transferred from the docket of justice *Goodhue* to that of justice *Meek,* levied on a horse, &c., and falsely returned that the horse was rescued, &c.

The defendants demurred to the whole declaration, except the 5th breach.   Causes of demurrer:—1. It is not shown that the judgment had been revived by *scire facias.*   2. It is not shown that *Goodhue's* judgment had been legally transferred to *Meek's* docket.   3. It is not averred that the relator had recovered a judgment against the constable.   Plea to the 5th breach, that the judgment was not duly transferred, &c. concluding to the country.

The plaintiff demurred to the plea, because it concluded to the country.

The defendants' demurrer was sustained, and that of the plaintiff overruled.   Judgment below for the defendants.

*The Court* considered, that the demurrer of the defendants should have been overruled, and that of the plaintiff sustained. Judgment reversed with costs.   Cause remanded, &c.

*J. H. Scott* and *P. Sweetser,* for the plaintiff.

*J. H. Thompson* and *H. P. Thornton,* for the defendants.